**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ruben BELTRAN–HERNANDEZ,
Defendant–Appellant.**

No. 09–10513.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 5, 2010.*

Filed Oct. 27, 2010.

Erika R. Frick, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

James Phillip Vaughns, Oakland, CA, for Defendant–Appellant.

Before: KLEINFELD and GRABER, Circuit Judges, and MOLLOY, District Judge.**

MEMORANDUM ***

Defendant Ruben Beltran–Hernandez appeals the district court's denial of his motion to withdraw his guilty plea. The district court's denial of such a motion is reviewed for abuse of discretion. *United States v. Ross,* 511 F.3d 1233, 1235 (9th Cir.2008). Here we affirm.

Beltran–Hernandez failed to show a fair and just reason for the withdrawal of his guilty plea. *See* Fed.R.Crim.P. 11(d)(2)(B); *United States v. Showalter,* 569 F.3d 1150, 1154 (9th Cir.2009). He does not contest the thoroughness of the change of plea colloquy. The district court found that, when Beltran–Hernandez pleaded guilty, he was aware of the mandatory minimum sentence and other consequences of his plea, he understood the questions put to him during the change of plea hearing, and he answered in a manner that showed his appreciation of the consequences of his plea. After an evidentiary hearing, the district court found Beltran–Hernandez's testimony in support of the motion to withdraw the plea was not credible. These findings are reviewed for clear error. *United States v. McTiernan,* 546 F.3d 1160, 1166 (9th Cir.2008). We find none.

**AFFIRMED.**

Fed. R. App. P. 34(a)(2).

** The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.